UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
7/16/2025
U.S. DISTRICT COURT
Northern District of WV

Steven Hight,

                Plaintiff(s),

-v.-

Midland Credit Management, Inc.

                Defendant(s).

**CIVIL ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

CIVIL ACTION NO.: 3:25-CV-108
JUDGE GROH

Plaintiff Steven Hight (hereinafter, "Plaintiff"), a West Virginia resident, brings this Civil Action Complaint by and through his attorneys, against Defendant Midland Credit Management, Inc. (hereinafter "Defendant" or "Midland") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." 15 U.S.C. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of West Virginia in the County of Berkely.

8. Defendant can be served with process c/o its registered agent in West Virginia, c/o Corporation Service Company located at 808 Greenbrier Street, Charleston, WV, 25311.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, e-mail and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to July 17, 2024, Plaintiff allegedly incurred obligations with three separate creditors.

12. Credit One Bank, N.A ("Credit One") was one of the creditors Plaintiff allegedly incurred an obligation with.

13. The alleged Credit One debt arose out of transactions in which money, property, insurance or services which were the subject transactions used to purchase items primarily for personal, family, or household purposes, more specifically, Plaintiff's utilization of Bank One's credit card services.

14. The alleged Credit One obligation is a "debt" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 C.F.R. § 1006.2(h).

15. Credit One is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

16. Prior to July 17, 2024, Plaintiff allegedly incurred a financial obligation with First Bank and Trust Mercury ("First Bank").

17. The alleged First Bank debt arose out of transactions in which money, property, insurance or services which were the subject transactions used to purchase items primarily for

personal, family, or household purposes, more specifically, Plaintiff's utilization of First Bank's credit card services.

18. The alleged First Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 C.F.R. § 1006.2(h).

19. First Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

20. Some time prior to July 17, 2024, Plaintiff allegedly incurred an obligation with Comenity Bank Kay Jewelers ("Comenity").

21. The alleged Comenity debt arose out of transactions in which money, property, insurance or services which were the subject transactions used to purchase items primarily for personal, family, or household purposes, more specifically, Plaintiff's utilization of Comenity Bank credit card services.

22. The alleged Comenity obligation is a "debt" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 C.F.R. § 1006.2(h).

23. Comenity is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

24. Upon information and belief, Defendant Midland acquired all of the debts in default as described above.

25. Defendant Midland collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, e-mail, telephone, and internet.

*Violation #1 – July 17, 2024 Collection Letter regarding the Credit One Obligation Sent to Third Party*

26. On or about July 17, 2024, Defendant attempted to send Plaintiff a collection letter regarding the alleged debt originally owned by Credit One. **See Exhibit A**.

27. The envelope is addresses as follows:

> Steven Hight
> 521 Braeburn Dr.
> Martinsburg, WV 25403-7558

*See* Exhibit A.

28. The aforementioned letter was NOT sent to the Plaintiff, rather it was sent to the Plaintiff's ex-wife who was a party to this obligation.

29. Upon information and belief, Plaintiff and his spouse were separated when the letter was sent to 521 Braeburn Dr., Martinsburg, WV 25403-7558.

30. Upon information and belief, Plaintiff has never been a resident of 521 Braeburn Dr., Martinsburg, WV 25403-7558.

31. The Plaintiff's ex-wife has no connection to the alleged debt.

32. Thus, Defendant in their attempt to collect the alleged debt, sent a letter to an outside third party in direct violation of § 1692c.

33. Defendant's disclosure of the Plaintiff's debt to his ex-wife who has no connection to this debt, caused the Plaintiff extreme embarrassment and frustration.

34. Defendant's attempt to collect a debt from Plaintiff, but instead sending notice to an outside third party, constitutes harassment and the unfair and unconscionable means to collect a debt.

35. Defendant's attempt to collect a debt from Plaintiff, by sending a letter to a party who was not the owner of the debt, was deceptive and misleading and caused the Plaintiff to be upset and confused about the status of the debt.

36. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

*Violation #2– July 17, 2024 Collection Letter regarding the First Bank Obligation Sent to Third Party*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. On or about July 17, 2024, Defendant attempted to send Plaintiff a collection letter regarding the alleged debt originally owned by First Bank. **See Exhibit A**.

39. The envelope is addresses as follows:

> Steven Hight
> 521 Braeburn Dr.
> Martinsburg, WV 25403-7558

*See* Exhibit A.

40. The aforementioned letter was NOT sent to the Plaintiff, rather it was sent to the Plaintiff's ex-wife who was a party to this obligation.

41. Upon information and belief, Plaintiff and his spouse were separated when the letter was sent to 521 Braeburn Dr., Martinsburg, WV 25403-7558.

42. Upon information and belief, Plaintiff has never been a resident of 521 Braeburn Dr., Martinsburg, WV 25403-7558.

43. The Plaintiff's ex-wife has no connection to the alleged debt.

44. Thus, Defendant in their attempt to collect the alleged debt, sent a letter to an outside third party in direct violation of § 1692c.

45. Defendant's disclosure of the Plaintiff's debt to his ex-wife who has no connection to this debt, caused the Plaintiff extreme embarrassment and frustration.

46. Defendant's attempt to collect a debt from Plaintiff, but instead sending notice to an outside third party, constitutes harassment and the unfair and unconscionable means to collect a debt.

47. Defendant's attempt to collect a debt from Plaintiff, by sending a letter to a party who was not the owner of the debt, was deceptive and misleading and caused the Plaintiff to be upset and confused about the status of the debt.

48. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

*Violation #3– July 17, 2024 Collection Letter regarding the Comenity Obligation Sent to Third Party*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. On or about July 17, 2024, Defendant attempted to send Plaintiff a collection letter regarding the alleged debt originally owned by Comenity. **See Exhibit A**.

51. The envelope is addresses as follows:

Steven Hight
521 Braeburn Dr.
Martinsburg, WV 25403-7558

*See* Exhibit A.

52. The aforementioned letter was NOT sent to the Plaintiff, rather it was sent to the Plaintiff's ex-wife who was a party to this obligation.

53. Upon information and belief, Plaintiff and his spouse were separated when the letter was sent to 521 Braeburn Dr., Martinsburg, WV 25403-7558.

54. Upon information and belief, Plaintiff has never been a resident of 521 Braeburn Dr., Martinsburg, WV 25403-7558.

55. The Plaintiff's ex-wife has no connection to the alleged debt.

56. Thus, Defendant in their attempt to collect the alleged debt, sent a letter to an outside third party in direct violation of § 1692c.

57. Defendant's disclosure of the Plaintiff's debt to his ex-wife who has no connection to this debt, caused the Plaintiff extreme embarrassment and frustration.

58. Defendant's attempt to collect a debt from Plaintiff, but instead sending notice to an outside third party, constitutes harassment and the unfair and unconscionable means to collect a debt.

59. Defendant's attempt to collect a debt from Plaintiff, by sending a letter to a party who was not the owner of the debt, was deceptive and misleading and caused the Plaintiff to be upset and confused about the status of the debt.

60. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c *et seq.*

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

63. Pursuant to 15 U.S.C. § 1692c, a debt collector may not communicate in connection with the collection of any debt, with any person other than the consumer, her attorney, a

consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

64. Defendants violated 15 U.S.C. § 1692c by:

    a. sending the dunning Letter to an outside third party rather than the Plaintiff.

65. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated said section by:

    a. sending the dunning Letter to an outside third party; and

    b. making false and misleading representations in violation of § 1692e(10).

70. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

71. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

74. Defendant violated this section by:

   a. sending the dunning Letter to an outside third party.

75. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Steven Hight, demands judgment from Defendant Midland Credit Management, Inc. as follows:

   a. Awarding Plaintiff statutory damages;

    b.    Awarding Plaintiff actual damages;

    c.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    d.    Awarding pre-judgment interest and post-judgment interest; and

    e.    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 16, 2025                                        Respectfully Submitted,

                                                              <u>/s/ Matthew P. Crimmel</u>
                                                               Matthew P. Crimmel, Esq.
                                                               ATTORNEY AT LAW PLLC
                                                               1042 Greystone Circle
                                                                Morgantown, WV 26508
                                                               T: (800) 982-8660
                                                                E: matt@mpcrimmellaw.com
                                                                Attorney for Plaintiff